**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN L. MCMAHON, | No. 20-35240 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05209-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted April 15, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Steven McMahon appeals the district court's order affirming the Social Security Commissioner's denial of his application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.     McMahon contends the ALJ did not properly evaluate the opinions of various medical professionals.  An ALJ may only reject an uncontradicted opinion of a treating or examining physician for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quotation marks and citation omitted).  When contradicted by another doctor, an ALJ only needs to state "specific and legitimate reasons that are supported by substantial evidence in the record" to reject the opinion.  *Id.* at 830–31 (citation omitted).

McMahon argues that the ALJ did not give proper weight to the part-time sedentary work limitation opined by treating physician assistant Mortensen and Dr. Benitez.  Even assuming Dr. Benitez agreed with Mortensen's treatment notes that McMahon would "likely need part time" sedentary work "due to limitations with low back for sitting," and the ALJ did not properly evaluate this evidence, any error would be harmless.  *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006).  Mortensen and Dr. Benitez co-signed a document opining the limitations would only last six months with available treatment.  As a result, any erroneous rejection of the opinion that McMahon was limited to part-time work would be harmless as there is no evidence the impairment lasted "at least 12 months" as required by 20 C.F.R. § 416.909.

McMahon contends the ALJ erred in giving insufficient weight to Dr. Coor's opinion that McMahon was limited in his ability to reach, push, and

pull.  McMahon highlights Dr. Coor's finding of "loss of the normal bulk of his thoracic and lumbar paraspinal muscles" as consistent with that limitation. However, in opining on McMahon's physical limitations, Dr. Coor did not reference McMahon's paraspinal muscles—indeed Dr. Coor did not cite *any* clinical findings to support the limitations that he reported.  Further, the limitations that Dr. Coor reported are generally inconsistent with medical evidence showing McMahon's cervical spine causes minimal functional limitations.

McMahon faults the ALJ for providing significant weight to Dr. Rack's opinion even though it predated some of the record evidence.  He does not specify which findings were given too much weight or what later evidence may have altered those findings.  He also highlights several other medical opinions but does not argue whether these opinions were given too much or too little weight. McMahon's lack of specificity precludes him from meeting his burden of showing harmful error in the ALJ's evaluation.  *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009).

2.    McMahon testified about several physical and mental health symptoms that allegedly preclude him from sedentary work.  As the ALJ found that McMahon's impairments could reasonably be expected to cause some of McMahon's alleged symptoms, the ALJ needed "specific, clear and convincing reasons" to reject McMahon's testimony.  *See Ghanim v. Colvin*, 763 F.3d 1154,

3

1163 (9th Cir. 2014) (cleaned up).  We conclude the ALJ gave proper reasons for partially rejecting McMahon's testimony.

Record evidence demonstrates McMahon's symptoms improved with treatment, as noted by the ALJ.  For example, the record shows a full range of motion in McMahon's knees after surgery and an improved gait.  These and other improvements undercut the severity of symptoms outlined in McMahon's testimony.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2007).

Likewise, the ALJ properly relied on inconsistencies between McMahon's testimony and the medical record.  For example, McMahon testified that back surgery was not recommended because of his age when the medical record shows that surgery was not recommended based on the condition of his spine.  In addition, he testified of general fatigue from lifting his upper body and walking while the medical record is full of McMahon's statements he was not fatigued. McMahon testified he never left home without his cane, though the cane is conspicuously absent in some treatment notes.[1]  The ALJ properly factored in these inconsistencies.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Finally, McMahon faults the ALJ's reliance on his daily activities of

---

[1] Both parties agree the agency erred in claiming that McMahon testified to getting migraines three to four times per month, but that error is harmless where there are other bases to discount McMahon's testimony. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

household chores and occasional socializing as evidence that McMahon had overstated the severity of his symptoms. But this evidence suggests McMahon's symptoms are not as severe as he testified. Taken together, the ALJ relied on "specific, clear and convincing reasons" to reject McMahon's testimony. *Ghanim*, 763 F.3d at 1163 (cleaned up).

3. The ALJ properly discounted the testimony of McMahon's girlfriend, Sabrina Bartlett. If an ALJ can "give reasons that are germane to each witness," he need not credit lay witness testimony. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Bartlett testified of a gradual deterioration of McMahon's condition leading to increased isolation and a host of physical limitations on his movement and ability to perform daily tasks.

McMahon argues that the ALJ applied the incorrect legal standard for evaluating lay witness evidence when he stated that Bartlett's testimony did "not convince the [ALJ] that the residual functional capacity" was unwarranted given the other record evidence. But any error in characterizing the standard is harmless because the ALJ provided germane reasons supported by substantial evidence to discount Bartlett's testimony. *See Stout*, 454 F.3d at 1055.

The ALJ correctly noted Bartlett's testimony regarding the severity of symptoms was generally inconsistent with the medical evidence demonstrating McMahon's symptoms improved with treatment, evidence that he performed

5

several household chores and shops for groceries, and his occasional social interactions. Inconsistencies with medical evidence and evidence of a claimant's activities are germane reasons for discounting lay testimony. *See Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir. 2001).

4.      McMahon also challenges the ALJ's residual functional capacity evaluation and conclusion that McMahon could perform work as a document preparer, call-out operator, and final assembler. But these challenges are based on the failed arguments that the ALJ improperly weighed the findings of the physicians and McMahon and Bartlett's testimonies. Therefore, these challenges also fail.

**AFFIRMED.**